REQUESTED BY: Ronald L. Bartee, Chairman Nebraska Board of Parole
Dear Mr. Bartee:
You have asked whether the Board of Parole may require, as a condition of parole, that the parolee pay for electronic monitoring. We conclude that the Board can impose such a condition of parole.
In your letter, you phrase your question as follows:
 "The Board of Parole is requesting your opinion concerning the assessment of fees for electronic monitoring services to share in the operational expenses of such a program."
You note that this office issued an opinion in 1992, finding that the Nebraska statutes did not authorize the Department of Correctional Services or the Board of Parole to require a parolee to pay a supervision fee. That opinion also found that administrative agencies may not impose fees unless the fees are authorized by statutes providing sufficient standards and guidelines concerning the determination of the amount of the fees. Opinion of Attorney General #92026, February 11, 1992.
On May 31, 1996, Harold Clarke, Director of the Department of Correctional Services, wrote a letter to this office seeking to clarify the information in your letter and noting that no "fee" for electronic monitoring of parolees was being contemplated. Instead, he described the proposal as one where certain parolees would be required to submit to electronic monitoring and would pay a contractor directly for the cost of the service. A copy of Director Clarke's letter is attached for your reference.
It remains our opinion that neither the Parole Board nor the Department of Correctional Services may impose a parole supervision fee as a condition of parole under existing statutes. A bill which would have amended the statutes to permit such fees was introduced, but not passed, during the last legislative session. See LB1034, 1996 Legislative Session.
If, however, a parolee is required to maintain electronic monitoring as a condition of parole, the burden of paying for the electronic monitoring service could rest with the parolee.
Neb. Rev. Stat. § 83-1,116 (1994) provides, in part:
 The board may also require, either at the time of [a parolee's] release on parole or at any time while he remains on parole, that he conform to any of the following conditions of parole:
. . . .
 (d) report, as directed, to his district parole officer;
. . . .
 (h) Satisfy any other conditions specially related to the cause of his offense and not unduly restrictive of his liberty or conscience.
Neb. Rev. Stat. § 83-1,117 (1994) provides, in part:
 The Board of Parole may, in appropriate cases, require a parolee, as a condition of his parole, either at the time of his release on parole or at any time while he remains under parole supervision, to reside in a . . . special residence facility, for such period and under such supervision . . . as the Board may deem appropriate.
The Parole Board may conclude that some parolees require more supervision than others. The Board may conclude that some parolees should be required to report to a district parole office, or a designated monitor, continuously through an electronic mechanism. The Board may find that a parolee's original offense could have been prevented if the parolee had been required to observe curfews or had been restricted from certain places, such as taverns. If so, the Board may find that electronic monitoring is a condition related to the cause of the parolee's offense and not unduly restrictive of his liberty or conscience. Finally, the Board may find that the parolee's movement should be limited to one or more specified facilities, such as a "special residence", under continuous electronic supervision.
If the Board concludes that electronic monitoring is an appropriate condition of parole for any of these reasons, the burden of complying with the condition of parole would rest with the parolee. Just as a parolee would be expected to pay the cost of room, board, and transportation to and from a place of employment, a parolee whose parole is conditioned upon electronic monitoring could be required to pay for the cost of that service. Harold Clarke's letter notes that the proposed cost of electronic monitoring for parolees is $4.71 per day, and that parolees would make payment directly to a private contractor for the cost of the service.
Based on the facts as described in Director Clarke's letter, we conclude that the Board of Parole may impose as a condition of parole the requirement that a parolee maintain electronic monitoring specified by the Board, and that the parolee bear the cost of such monitoring.
Sincerely,
 DON STENBERG Attorney General
 Laurie Smith Camp Deputy Attorney General
APPROVED BY:
Don Stenberg
Attorney General